IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES W. WALKER                                                                   PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 1:11cv197HSO-JMR

FEMA                                                                                    DEFENDANT

REPORT AND RECOMMENDATION

This matter comes before the Court, *sua sponte*, regarding failure of the Plaintiff to prosecute this matter and respond the to Court's Order.  On August 15, 2011, Plaintiff was ordered to Show Cause in writing on or prior to August 25, 2011, as why this action should not be dismissed due to Plaintiff's failure to prosecute and comply with the Court's June 13,2011Order.

Plaintiff filed his Complaint on May 3, 2011. On that date, he filed a Motion to Proceed In Forma Pauperis [Rec.Doc.2]. On June 13, 2011, after reviewing Plaintiff 's Complaint, the Court issued an Order stating it  was unable to discern whether there were facts and circumstances which create a cause of action as Plaintiff has written under the facts section of his Complaint only the words "mental anguish, punitive damages and prejudice".  Plaintiff was ordered to provide a detailed analysis of his cause of action and the damages sought. Plaintiff was warned that failure to comply with the Court's June 13,2011 Order might  result in dismissal of this action. The June 13, 2011 Order was sent to Plaintiff as his last known address by certified mail.  The June 13, 2011 Order was returned to the Court on July 11, 2011 marked " Return to Sender Unable to Forward". At that time, Plaintiff had not contacted or

communicated the Court to provide either a current address or respond to the pending Order. On August 15, 2011, the Court issued an Order to Show Cause . Plaintiff was ordered to show cause within ten days as to why this suit should not be dismissed for failure to prosecute and comply with the Court's June 13, 2011 Order.  Plaintiff was warned, again, that failure to respond to the August 15, 2011 Order might result in dismissal of this action.  The Court's August 15, 2011 Order was returned on September 14, 2011 marked "unclaimed , unable to forward".

Rule 41(b) of the Federal Rules of Civil Procedure, provides, *inter alia* ,"for failure of the plaintiff to prosecute or to comply with these Rules or any order of the court, defendant may move for dismissal of an action or any claim against him." Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Lopez v. Arkansas County Independent School District*, 570 F.2d 541, 544(5th.1978). Not only may a district court dismiss for lack of prosecution, but it may dismiss an action upon its own motion whenever necessary to "achieve the orderly and expeditious disposition of cases". *Colle v. Brazos*, 981 F.2d 237,242 (5th Cir. 1993)

A dismissal for failure to prosecute is an inherent power of a court, to be exercised in the discretion of the district court. *Ford v. Sharp*, 758 F.2d 1018 (5th Cir. 1985); *Rogers v. Kroger, Co*. 669 F.2d 317 (5th Cir. 1982). A dismissal for want of prosecution on the part of the plaintiff is only sanctioned when there is clear evidence of delay or display of contumacy on the part of the Plaintiff. *Dorsey v. Scott Wertzel Serv. Inc*., 84 F.3d 170,171 (5th Cir. 1996).

Based on the foregoing, this Court is of the opinion that Plaintiff has failed in his obligation to respond in accordance with the Court's Order and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other civil cases. Accordingly, this Court

recommends that this case be dismissed without prejudice for the Plaintiffs failure to prosecute and failure to comply with 41(b) of the Federal Rules of Civil Procedure.

In accordance with Rules of this Court, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the U.S. Magistrate Judge and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal- unobjected to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1425 (5th Cir. 1996).Clerk of Court to send a copy of this Report and Recommendation to the Plaintiff at his last known address by certified mail.

So ORDERED AND ADJUDGED, THIS the 22nd day of September, 2011.


*S/ John M Roper ,Sr.*
UNITED STATES MAGISTRATE JUDGE