IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JAMES W. WALKER**                                                                           **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 1:11-cv-197-HSO-JMR**

**FEMA**                                                                                   **DEFENDANT**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 41(b)**

This cause comes before the Court on the Report and Recommendation [7-1] of Chief United States Magistrate Judge John M. Roper entered in this cause on September 22, 2011. Magistrate Roper reviewed the pleadings on file and determined that based on the record, Plaintiff's Complaint should be dismissed for failure to prosecute pursuant to FED. R. CIV. P. 41(b). Plaintiff did not file an objection to the Report and Recommendation.[1]  After review of the record, the Court, being fully advised in the premises, finds that said Proposed Findings of Fact and Recommendation should be adopted as the opinion of this Court.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a *de novo* review of it. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection

---

[1] The record reflects that a copy of the Report and Recommendation was mailed to Plaintiff, at his last known address, on September 14, 2011, and again by certified mail on October 12, 2011. The docket reflects that the mail was returned as undeliverable. [8-1].

is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary or to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Plaintiff has clearly failed to comply with the Court's Orders. This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link,* 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

Having conducted the required review, the Court finds that the Magistrate Judge's Report and Recommendation thoroughly considered all issues, and is neither clearly erroneous nor contrary to law. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Court's Order under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper. A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED**, this the 18th day of October, 2011.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE